Gaston, Judge.
We entirely approve of.the instructions given to the jury. Upon the point first raised, we take it to be clear-that the defendant, not having entered into possession under the plaintiff’s lessor, nor shewn to hold under him, could not Be regarded as his tenant, and was at full liberty to controvert his title. An offer to buy a claim to land, which one holds as 'his own, may be made for the sake of peace, through alarm, or-from misapprehension; and, so far frpmbe. *333 ing conclusive of the title, is very slender, if any, evidence thereof.
The question involved in the first and second points of the second exception raised, is substantially the same. From our earliest recollections of the law, we have understood it to be settled, that if a grant covers, in part, land not liable to entry, or which has been previously granted, it will be good for the land comprehended in it, which had not been granted, and was liable to entry.
The view presented by his Honor on the remaining question, the location of Love’s grant, is satisfactory and conclusive. He might, indeed, have pointed out (but it-was unnecessary,) other very strong indications in favour of the location claimed by the defendant, and inconsistent with the location in part attempted by the plaintiff. The difference begins at the point 1. From thence the call of the grant is “ with the river, as it meanders opposite to Lipscomb’s corner, standing on the river bank.” Lipscomb has two corners on the river bank, the beginning corner and the fourth corner of his tract; and-this call o.f Love’s grant leaves it indifferent which of these corners is intended. But the next call removes all ambiguity — it is “with Lipscomb’s line reversed to his third corner.” Nothing can be more conclusive to show that the corner of Lipscomb, on the river, called for in the preceding line of Love’s grant, is Lipscomb’s fourth corner. Having arrived, in this way, to Lipscomb’s third corner, the next call of the grant is “ with said Lipscomb’s line reversed, N. 60° W. to Gad’s corner. The only difficulty in fulfilling all the requisitions of this call is, that, running the line described, you do not meet Gad’s corner, but pass to the south of it — and this difficulty imposes the necessity of either running the required line until a point be reached opposite to Gad’s comer, and thence proceeding to that corner, or disregarding the line, and running directly to that corner. But, whichever of these modes be adopted, the corner at Á will be reached; and thence the next call is for the established corner at N,; and thus an obvious, reasonable and satisfactory construction may be put upon all the calls of the grant, which, according to the plaintiff’s attempt, at exposition,, *334 would be made absurd and contradictory, and render a location of the grant impracticable. The judgment is affirmed with costs.
Per Curiam. Judgment affirmed.